J. B. Nace and S. S. Swartley, doing business under the firm name of Nace & Swartley, Appellants, *v.* Gideon Hartman, Surviving Partner of William L. Grim and Gideon Hartman, lately doing business under the name of William L. Grim.

*Promissory note—Presumption as to its paying a debt.*

The presumption is that a promissory note received on account of a debt, is intended to amount to payment only conditionally in the event of its being paid, but that presumption can be overcome by evidence, the burden of showing the contrary being upon the party who claims that the acceptance of the note was by way of payment.

There being evidence tending to rebut the presumption as to conditional payment the question was one proper and necessary to leave to the jury under adequate instructions.

*Question for jury—Guarantee by individual partner—Partnership liability.*

Where a note of a third person was given in discharge of a partnership liability, the question whether a guarantee, in form an individual one, as to one half of the amount of the note, by one member of the firm, was given to bind the firm, was for the jury under all the circumstances surrounding the transaction, there being evidence tending to support either hypothesis.

Argued Nov. 11, 1896. Appeal, No. 35, Nov. T., 1896, by plaintiffs, from judgment of C. P. Berks Co., Feb. T., 1894, No. 52, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on promissory note. Before ENDLICH, P. J.

In 1889 Wm. L. Grim and Gideon Hartman entered into a partnership arrangement for the purpose of buying and selling butter. Grim represented the firm in purchasing the stock. He purchased from the plaintiffs four hundred and eight tubs of butter amounting to $3,723.08 paying $723 cash, and giving his individual notes for the balance. There was no dispute as to the partnership interest in this purchase. Subsequently Grim purchased butter from the plaintiffs for a distinctly individual enterprise and gave his individual notes for the same.

These notes were all gradually reduced by credits allowed to the one or the other. By frequent subsequent renewals the notes involving the partnership and those of Grim individually were blended together. At this juncture all the notes were entered on the plaintiffs' books against Grim individually. Grim then transferred to the plaintiffs a note for $2,864.52 given by one Ross, payable four months after date, together with a written statement signed by Grim guaranteeing the refunding of one half the amount of said note in case of nonpayment. The Ross note was not paid when due. A distribution of $724.68 out of Grim's estate liquidated one half of his individual liability and part of his partnership indebtedness. The action below was brought against Hartman the surviving partner. The main question involved in this case is, whether the Ross note was a payment, and the guarantee signed by Grim an individual guarantee; or on the other hand was the said note intended to be applied as payment on account if paid when due, the defendant's liability as partner thus continuing in case of nonpayment; and further, was the guarantee, though signed by Grim individually, given to bind the firm and thus involving the defendant as surviving partner. The court submitted the case to the jury and a verdict was found for the defendant.

*Errors assigned* were, (1–11) submitting the questions at issue to the jury, i. e. (1) whether the note sued on was accepted as payment, subject to the individual guarantee of one half thereof by the deceased partner; (2) whether that guarantee was intended to have been given to bind the firm, and in not directing a verdict for the plaintiff.

*Benj. F. Dettra,* for appellants.—The rule of law is that "where a draft of a third party is received by a creditor from his debtor for a pre-existing debt, the presumption is that it was received as a conditional payment unless there was an agreement that it was to be an absolute payment, and the burden of proving such an agreement is upon the debtor: League v. Waring & Co., 85 Pa. 244; Shepherd v. Busch, 154 Pa. 149; Holmes & Sons v. Briggs & Drum, 131 Pa. 233.

In the cases cited above there was some evidence that the acceptance was to be absolute payment, hence a question of

intention of the parties and a question to be determined by the jury whether the payment was absolute or not. This case differs in this : Not only was it a presumption of law that the plaintiffs accepted the Ross note as a conditional payment (there being no evidence to the contrary), but we have the actual agreement in writing of Grim, given in the course of the continuous joint and individual undertaking, which says that the acceptance was not to be an absolute payment.

Where the meaning of a paper cannot be ascertained without reference to extrinsic facts which are doubtful or disputed, it must be referred to the jury ; but when such facts are undisputed, the construction of the writing is for the court: Edelman v. Yeakel, 27 Pa. 26.

The court should have construed the guarantee so as to accord with the intention of the parties as manifested by the terms of the guarantee in connection with the subject-matter to which it related : Mussey v. Rayner, 22 Pick. 223 ; Bell v. Bruen, 1 Howard, 169.

Where a contract is within the scope of the business of a partnership, each partner is presumed to be the agent of all, and it is immaterial what the secret understanding of the parties may have been as to the power of each: Andrew v. Congan, 131 U. S. Rept. Appendix, p. 173.

Each partner is the agent of the firm, and has authority to bind it by contract of guaranty, if such guaranty is within the scope of its business, and no understanding between the partners can effect the right of the guarantor to recover : First National Bank v. Carpenter, 41 Iowa, 518.

The law is well settled, that as between partners and third parties a guaranty by one partner in the regular course of business transacted by the partnership, is binding upon the other partner : Brandt on Suretyship and Guarantee, sec. 10 ; Sutton et al. v. Irwine et al., 12 S. & R. 15.

In this case the meaning of the guaranty could be ascertained without reference to any disputed facts (of which there were none) connected with the transaction, and the construction of the writing was for the court: Edelman v. Yeakel, 27 Pa. 26.

Upon the whole case, it is manifest that there was a mistrial, and that the learned judge erred in his instruction to the jury

and in submitting the case without instructing the jury that under the law the plaintiff was entitled to a verdict.

*Jefferson Snyder*, with him *Frank S. Livingood*, for appellee.

OPINION BY WILLARD, J., December 7, 1896:

The questions presented in this case are of easy solution. We are to determine whether the court was in error in submitting to the jury whether a certain note for $2,864.52, made by one Ross, payable four months after date to his own order and transferred to Grim and by him transferred to the appellants was taken by them in payment of their claim against Grim and Hartman. We think the testimony was sufficient to support the verdict.

When the note was offered, the appellants took it without the indorsement of Grim, to whose order it was made payable. They deducted 5 per cent from its face to reimburse them for the expense of collection. They carefully investigated the commercial standing of Ross, the maker, and found him rated as worth $100,000. After the death of Grim the entire claim was presented to his estate for payment, and the testimony of Mr. Swartley before the orphans' court in support of the claim against the estate was persuasive evidence that the Ross note was taken not on account but as actual payment. It also appeared in evidence that about one year after the Ross note was taken by the appellants, Mr. Swartley wrote to Mrs. Grim inter alia, viz: "Mr. Grim and the undersigned felt at the time that the note would be paid at maturity.

"You can readily see that this was a big mistake on our part to accept the Ross note, as Mr. Grim's estate would have been perfectly good for the amount of his two notes above mentioned."

The whole evidence was ample to warrant the jury in finding that the parties intended the Ross note as payment of the entire partnership account and that it was so taken.

It also appears that at the time the Ross note was turned over, Mr. Swartley, one of the appellant firm, said to Grim, "Suppose it won't be paid;" he said, "I will give my written guarantee to back half of it if it is not paid," and the same day executed a paper in words and figures, viz:

" PHILADELPHIA, October 31. 1890.
" I agree, if the W. H. Ross note, No. 59 Liberty street, New York City, will not be paid, to refund the half of it.

(Signed)   " WILLIAM L. GRIM."

Under all the testimony the judge left it to the jury under his instructions to determine whether the above quoted paper was intended as the personal guarantee of Grim to bind him only or whether it was intended to bind the firm.   We think the whole case was properly submitted and the judgment is affirmed.